## KILLICK v. HOOKER.

*(Supreme Court, General Term, Fifth Department. June, 1892.)*

CONVERSION—WHAT CONSTITUTES—SUFFICIENCY OF EVIDENCE.
>    A judgment for plaintiff, in an action before a justice for conversion of a cow, will not be disturbed, although plaintiff merely proved her ownership of the cow,

and that defendant took it from her possession, where the evidence in defendant's behalf showed that he sold it under a chattel mortgage given by plaintiff's husband, which she did not sign, and in which, as she testified, she forbade defendant to include the cow.

Appeal from Monroe county court.

Action by Clarinda F. Killick against James H. Hooker. From a judgment affirming a judgment of a justice's court for plaintiff, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Q. Van Voorhis*, for appellant.    *P. McIntyre*, for respondent.

DWIGHT, P. J. The action was for the wrongful conversion of a cow. The return is extremely meager in the details of the testimony, but the undisputed evidence on the part of the plaintiff shows that before the commencement of the action she owned and was in possession of the cow, of the value of $35, and that the defendant took it from her possession. This was evidently not enough to establish a wrongful conversion of the property, because it was consistent with the theory that the defendant had bought the cow of the plaintiff, or taken it on a contract of bailment, with her consent; and, if the defendant had suffered the case to stand there, a judgment for the plaintiff could not have been sustained. But without moving for a nonsuit he went on to give evidence in his own behalf. This evidence is very briefly returned, but it plainly indicates that he had rented his farm to the plaintiff's husband the spring before, had required security for the rent, had taken a chattel mortgage from Killick as such security, and had sold the cow in question under the claim that she was covered by the chattel mortgage. There is no pretense that the plaintiff signed the chattel mortgage, nor any evidence that the cow was included in it with her knowledge or consent, and the plaintiff testifies that she forbade the defendant to put that cow in the mortgage. Here there was an attempted justification of the taking which failed to justify, but, on the contrary, tended to show a wrongful conversion of the property by a sale on a chattel mortgage, which either did not cover the property in question, or did so without the consent of the plaintiff. Neither was there any evidence that the plaintiff was present at the sale, or knew of it, so that it cannot be contended that she in any manner waived her right to reclaim the property or to complain of its conversion. Making due allowance for informality of proof in an action tried by a justice of the peace without the aid of counsel learned in the law, the plaintiff's cause of action seems to have been reasonably established, and the judgment should be affirmed. Judgment affirmed, with costs. All concur.